IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DENNIS RAY PALMER**                                                                     **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:13-cv-555-MTP**

**BRENDA SIMS and RON KING**                                                     **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the Court finds that this case should be dismissed and that the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where Plaintiff is currently housed. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

Plaintiff alleges that on February 4, 2013, he informed Defendant Brenda Sims that other

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

inmates housed in his zone were harassing and threatening him and requested that Defendant Sims move him to a new zone. Defendant Sims allegedly agreed to move Plaintiff but failed to do so. The next day, Plaintiff complained to Defendant Sims. Allegedly, Defendant Sims stated that she had forgotten and again agreed to move Plaintiff. According to Plaintiff, Defendant Sims did not move Plaintiff and, on February 6, 2013, stated that Plaintiff would not be moved.

Plaintiff allegedly wrote Defendant Ron King regarding the harassment from other inmates and Defendant Sims's refusal to move him, but Defendant King failed to respond to Plaintiff's complaints. In March, 2013, Plaintiff explained his situation to Captain Hillman, and Hillman moved Plaintiff to another zone. Plaintiff alleges that he is no longer being harassed or threatened. According to Plaintiff, he was never physically assaulted or injured. Instead, Plaintiff claims that the situation caused him to be fearful and to suffer from anxiety and loss of sleep. As relief, Plaintiff seeks compensatory damages in the amount of $100,000 from each Defendant.[3]

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

---

[3] In his Complaint, Plaintiff also sought injunctive relief in the form of a transfer from SMCI. At the *Spears* hearing, however, Plaintiff stated that he no longer seeks a transfer.

Plaintiff's allegations implicate his constitutional rights under the Eighth Amendment, which places prison officials under a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834.  To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Plaintiff conceded that he was not physically injured by another inmate.  Plaintiff claims that he suffered mentally due to the inmates' threats and harassment.  The law, however, is clear that "[n]o federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e). Plaintiff's alleged injuries were that he felt fearful and suffered from anxiety and loss of sleep. In the absence of any allegation of physical injury, Plaintiff has failed to allege facts which would support his claim for compensatory damages. *See Castellano v. Treno*, 79 Fed. App'x. 6 (5th Cir. 2003).

## CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted.  Therefore, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.  The dismissal shall count as a strike pursuant to Section 1915(g).

SO ORDERED this the 20th day of February, 2015.

        s/ Michael T. Parker
        United States Magistrate Judge